UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA ABDULLAH WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. McCABE, *et al*.,<br><br>　　　　Defendant. | Case No. 1:18-cv-00505-JDP<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 9) |

Plaintiff has filed a civil rights complaint alleging that he was improperly assigned an upper bunk bed despite certain medical conditions affecting his neck and back. (Doc. No. 1.) Plaintiff alleges that defendants ignored his requests to be assigned a lower bunk, and that he was injured in March 2017 when he fell while trying to exit a top bunk. On April 30, 2018, plaintiff filed a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court

will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately. Further, at this early stage in the proceedings, the court is not convinced that plaintiff is likely to succeed on the merits.

For the foregoing reasons, plaintiff's motion for the appointment of counsel (Doc. No. 9) is denied without prejudice.

IT IS SO ORDERED.

Dated: May 31, 2018 /s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE