UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFA ABDULLA WRIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>C. MCCABE, *et al.*,<br><br>        Defendants. | Case No. 1:18-cv-00505-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT PREJUDICE<br><br>ORDER TO ASSIGN THIS CASE TO A DISTRICT JUDGE<br><br>ECF No. 11<br><br>FOURTEEN-DAY DEADLINE |

      Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed April 30, 2018, ECF No. 11, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that he needed a lower bunk due to medical conditions and that prison officials violated the Eighth Amendment by failing to provide him one, ultimately causing him to sustain injuries when he fell from his higher bunk. *See* ECF No. 11 at 5-6. Plaintiff has failed to state a claim under 42 U.S.C. § 1983. We recommend that the complaint be dismissed without prejudice.

**I.    SCREENING AND PLEADING REQUIREMENTS**

      A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any

cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. THE COMPLAINT[1]

Plaintiff complains of constitutional violations during his incarceration at California State Prison, Corcoran ("CSPC"). ECF No. 11 at 1. Defendants are employees at CSPC. *See id.* at 1-2.

In April 2016, plaintiff "filed a C.D.C.R. Health Care/Appeal on the fact that [he] was

---

[1] The court draws the following facts from plaintiff's first amended complaint, ECF No. 11, and accepts them as true for screening purposes. Plaintiff attached exhibits to his initial complaint, ECF No. 1, that were not attached to his first amended complaint. Even considering the information in the exhibits, plaintiff has failed to allege sufficient facts to state a cognizable claim.

2

being inappropriately designated as clear for an upper bunk bed." *Id.* at 3-4. Plaintiff had previously received a permanent "lower bed chrono through medical." *Id.* at 4. Plaintiff has "medical conditions with [his] neck and back that prohibit [plaintiff] from safely getting on and off upper beds." *Id.* Plaintiff's appeal to reinstate his lower bed chrono was denied at the second level by defendants McCabe and Bell, and then at the third level by defendant Lewis. *Id.*[2]

In March 2017, plaintiff fell and injured himself while "trying to get off the top of the bed." *Id.* Plaintiff hit his face during the fall, causing "a busted lip" and contusions to his "face and eye." *Id.* at 5.[3] Plaintiff "was taken to an outside hospital that evening." *Id.* at 4. He filed another medical appeal after the fall. *Id.* at 5. Plaintiff's request for a permanent lower bed chrono was denied in both appeals, although he was given a "temporary lower bed chrono" that expired in September 2017. *See id.*

"Days before [plaintiff] fell[, he] spoke to [defendant] Gonzalez who was the correctional staff in the housing unit." *Id.* at 4. Plaintiff explained his "medical problems and need for a lower bed" to defendant Gonzalez. *Id.* Defendant Gonzales advised plaintiff that "he didn't do bed moves and that [plaintiff] should talk to [defendant] Hicks." *Id.* Plaintiff explained his need to defendant Hicks while defendant Williamson stood by listening. *Id.* at 4-5. "He"—it is unclear whether plaintiff is referencing defendant Hicks or defendant Williamson—advised plaintiff to "take it up with medical." *Id.* at 5. Plaintiff said that he "did but that [he] could be moved to a lower bed without medical involvement." *Id.* Defendant "Hicks told [plaintiff] that [he] could leave [defendant Hicks's] office and that he wasn't about to do [plaintiff] any favors unless [plaintiff] told [defendant Hicks] where some cell phones were." *Id.* Plaintiff walked out of defendant Hicks's office. Defendant "Williamson told [plaintiff] to sleep on the floor." *Id.*

### III. DISCUSSION

**A. Requirements under 42 U.S.C. § 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal

---
[2] *See also* ECF No. 1 at 7-12.
[3] *See also* ECF No. 1 at 14-15 (providing more details regarding the injuries that plaintiff sustained).

3

law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Here, all defendants are state prison employees who—accepting plaintiff's allegations as true—can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). Nonetheless, plaintiff has not plausibly alleged that defendants Gonzales, Hicks, and Williamson personally participated in the alleged deprivations. Plaintiff alleges that he informed defendants Gonzales and Hicks of his desire for a lower bunk chrono, and that defendant Williamson overheard plaintiff's request. But plaintiff fails to explain how any of these defendants caused the loss of his lower bunk chrono or why they had a duty to reinstate it. Indeed, plaintiff's allegations suggest that defendant Gonzales did not have authority to change his bed placement.

Plaintiff's allegations regarding defendants McCabe, Bell, and Lewis are limited to their review of his medical appeals. However, not all decisionmakers on medical appeals are liable for medical deliberate indifference. A signature on an appeals form is not enough to show knowledge of plaintiff's complaints. *See Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Even if a prison official should have been aware of a risk, if he "was not, then [he] has not violated the Eighth Amendment, no matter how severe the risk."

*Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir.2002). Plaintiff has failed to allege facts that show defendants McCabe, Bell, and Lewis subjectively knew of plaintiff's serious medical need. Because plaintiff has not properly alleged that any defendant personally participated in the alleged constitutional deprivation, plaintiff has failed to state a claim against any defendant.

### B. Eighth Amendment Conditions of Confinement

Plaintiff appears to raise a conditions-of-confinement claim against defendants Gonzales, Hicks, and Williamson for not moving him to a lower bunk bed. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834.

To satisfy the first prong, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *See id.* To satisfy the second prong, the official must know of and disregard an excessive risk to inmate safety. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must actually draw the inference. *See id.*

In this case, plaintiff has failed to allege facts that could give rise to subjective deliberate indifference on the part of any defendant. Plaintiff did not have a medical chrono for a lower bunk. Therefore, defendants Gonzales, Hicks, and Williamson would have no reason to believe that his bunk placement would endanger plaintiff's safety. *See Brummett v. Teske*, 344 F. App'x 373, 374 (9th Cir. 2009) (affirming the denial of an Eighth Amendment claim for upper bunk placement).

### IV. ORDER

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

### V. FINDINGS AND RECOMMENDATIONS

5

The court recommends that the case be dismissed without prejudice for plaintiff's failure to state a claim.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     March 27, 2019                                    _____
                                                             UNITED STATES MAGISTRATE JUDGE

No. 204